NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 11, 2008[*]
Decided June 12, 2008

**Before**

WILLIAM J. BAUER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

No. 07-3065

| | |
|---|---|
| JAMES D. JONES, | Appeal from the United States District |
| *Petitioner-Appellant,* | Court for the Eastern District of |
| | Wisconsin. |
| *v.* | |
| | No. 04-C-303 |
| JEFFREY ENDICOTT, | |
| *Respondent-Appellee.* | Rudolph T. Randa, |
| | *Chief Judge.* |

## O R D E R

In 1993 James Jones was convicted in Wisconsin state court of armed robbery and possession of a firearm by a felon. The jury found that he robbed a shoe store at gunpoint, taking one pair of shoes and $60 from the cash register. The district court denied his petition for a writ of habeas corpus, 28 U.S.C. § 2254, but certified the appealability of his

---

[*] After examining the briefs and the record we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

claim for ineffective assistance of counsel. Because the Wisconsin Court of Appeals did not unreasonably apply *Strickland v. Washington*, 466 U.S. 668 (1984), we affirm.

Jones pursued post-conviction and appellate relief in Wisconsin. He was unsuccessful during his first round of state court review, but in 1997 the district court granted his first § 2254 petition. As a result, the state reinstated his post-sentencing rights. Jones filed a post-sentencing motion attacking trial counsel's performance, but after a hearing the motion was denied and the Wisconsin Court of Appeals affirmed. Jones then unsuccessfully pursued post-conviction relief in Wisconsin on his contention that his appellate counsel (during his reinstated direct appeal) failed to adequately argue the ineffectiveness of trial counsel. Jones renewed his arguments about trial and appellate counsel's performance to the district court in his current § 2254 petition, and he now advances them here.

On appeal, Jones argues that the Wisconsin Court of Appeals unreasonably applied the familiar standard of *Strickland*, which requires a showing of both deficient performance and prejudice, to his claims of ineffective assistance of counsel. Accordingly, we examine whether the decisions of the state appellate court lie beyond the spectrum of reasonable outcomes. *See Johnson v. Loftus*, 518 F.3d 453, 456 (7th Cir. 2008); *Conner v. McBride*, 375 F.3d 643, 649 (7th Cir. 2004).

Jones first argues that his trial counsel was ineffective for failing to call Loretta Bradford, his girlfriend at the time of the robbery. He claims that she would have testified that she was with Jones when the robbery occurred. At Jones's post-sentencing evidentiary hearing, trial counsel explained that he did not call Bradford because her testimony was not believable and would have harmed Jones's case. He explained that before trial Bradford told counsel that she and Jones watched a Green Bay Packer's football game on the day of the robbery, but counsel determined that there was no such game. Bradford also told counsel that they were at her parent's house celebrating her parents' anniversary. But this story contradicted Jones's own alibi testimony at trial that the two of them were together at his house, with no mention of Bradford's parents or an anniversary party. Moreover, although Jones faults counsel for not pursuing the testimony of additional party attendees, he never supplied counsel with the names of other potential alibi witnesses even after he was informed that counsel was not going to call Bradford.

Though Bradford testified that she never spoke to trial counsel, the court found that she was not credible based on the numerous contradictions between her testimony at the hearing, counsel's testimony at the hearing, and Jones's testimony at trial. The judge also noted that Jones did not pursue any alibi arguments in his original post-conviction attacks on counsel , undermining his claim to a viable alibi defense. Though Bradford's father also

testified at the hearing that he saw Jones at his house on the day of the robbery, the encounter was brief, and he said Jones could have left for enough time to carry out the robbery and he would not have known.

The Wisconsin Court of Appeals held that the post-sentencing court's credibility findings were not clearly erroneous, and thus it would not substitute its judgment for that of the court that heard the testimony. Accepting the testimony, the court decided that counsel was not ineffective because he had a valid strategic reason for not calling Bradford.

The appellate court's decision is not an unreasonable application of *Strickland*. The trial judge who heard the post-sentencing petition based her decision that counsel reasonably declined to call Bradford on the contradictions between the testimony of Jones and Bradford and the corroboration between counsel's testimony about his investigation and the evidence at trial. Based on the court's thorough explanation of its findings, the Court of Appeals reasonably determined that reversal was not warranted. We do not ignore credibility findings without clear and convincing evidence of their fallacy, *see Julian v. Bartley*, 495 F.3d 487, 494 (7th Cir. 2007); *Conner*, 375 F.3d at 649, 654; *Murrell v. Frank*, 332 F.3d 1102, 1112 (7th Cir. 2003), a standard Jones does not meet.

Jones also argues that trial counsel was ineffective because he did not question officers who might have testified that he was not wearing the stolen shoes at the time he was arrested. Jones was arrested on an unrelated charge and was in custody when identified as the perpetrator of this crime. Jones now argues, contrary to the evidence, that he was wearing black Adidas shoes, which he owned, at the time of his arrest. He also claims that an officer at the jail where he was being held would have testified that Jones had only the black Adidas shoes, not the stolen shoes, in his jail locker.

What Jones was wearing at the time of his arrest is irrelevant because the evidence showed that he had the stolen shoes in his possession. The Court of Appeals pointed out that the shoes were inventoried when he was booked into the jail. The robbery victim later identified a pair of shoes among Jones's other possessions in his jail locker as the ones that were stolen. The shoes also exactly matched the description given to the police on the day of the robbery. Additionally, at the hearing, the judge found that the officer who Jones argued would confirm his allegations about the black Adidas shoes actually testified at trial that Jones possessed only the stolen shoes and no others. The Court of Appeals reasonably determined that it was inconsequential if Jones was wearing the stolen shoes at the time of arrest because, at the very least, he possessed them. Because he possessed the stolen shoes, any error in failing to determine what he was wearing on his feet when arrested was not prejudicial because the error would not undermine the reliability of his conviction. *See Benefiel v. Davis*, 357 F.3d 655, 661 (7th Cir. 2004).

Finally, Jones contends that counsel during his reinstated appeal should have argued that trial counsel lied at the evidentiary hearing. But, as the Court of Appeals, noted, appellate counsel attacked trial counsel's credibility and ultimate effectiveness, the appellate court simply rejected Jones' claim. In other words, appellate counsel raised the exact issue that Jones now faults him for failing to address. Likewise, Jones argues that appellate counsel did not attack trial counsel's failure to examine officers who might have said that Jones was not wearing the stolen shoes when arrested. As noted above, however, counsel also advanced this argument. The record shows that the Court of Appeals gave thorough consideration to exactly the issues Jones contends his appellate counsel should have raised. Therefore Jones has not shown deficient performance by appellate counsel and, even if there were a deficiency, the Court of Appeals' thorough consideration of the issues eliminates any possible prejudice.

AFFIRMED.